UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DIANAH RAE ROWLAND,
    Debtor.                        No. 7-09-13328 SA

DIANAH RAE ROWLAND,
    Plaintiff,
v.                              Adv. No. 09-1142 S

UNITED STATES DEPARTMENT OF THE
TREASURY, Internal Revenue Service,
    Defendant.

## MEMORANDUM OPINION ON ABSTENTION

This matter is before the Court on the Internal Revenue Service's ("IRS") Motion to Abstain (doc 11) and Plaintiff's Objection thereto (doc 12). IRS is represented by the United States Attorney (Jon E. Fisher) and Plaintiff is represented by William F. Davis & Assoc., P.C. (William F. Davis and Andrea D. Steiling). The parties agree this is a core proceeding. Complaint ¶ 3 (doc 1); Answer ¶ 3 (doc 9). See also In re Lipetzky, 64 B.R. 431, 434 (Bankr. D. Mont. 1986). The Court has reviewed the briefs submitted by the parties, reviewed both the bankruptcy and adversary files, and consulted applicable authorities and finds that it should abstain.

## FACTS

Plaintiff filed a voluntary Chapter 7 proceeding on July 28, 2009 (Case 09-13328-s7). She listed the IRS on Schedule E at both its Albuquerque, New Mexico and Odgen, Utah addresses and listed the debt in the amount of $1.00, disputed, contingent and

unliquidated. Creditors were asked not to file proofs of claim on the 341 notice sent to creditors. (Doc 2). On August 31, 2009, the Trustee filed a no asset report. On September 16, 2009, Plaintiff filed this adversary proceeding. On November 9, 2009, Plaintiff received her discharge and the final decree was entered and the case closed. (Docs 24-25).

This adversary proceeding is an attempt by the Debtor to avoid the liability for several assessments made against her pursuant to 26 U.S.C. § 6672 as a responsible person of Aura Electric, Inc. from April 1, 2007 to June 30, 2008. On January 30, 2009, the IRS sent debtor a letter proposing the assessments against her and giving her 60 days to file an appeal. (Doc 11, exhibit 1). On February 9, 2009, the Plaintiff signed IRS Form 2751 agreeing to the assessments against her. (Doc 11, exhibit 2). On April 23, 2009, Plaintiff filed an untimely administrative appeal with the IRS. (Doc 11, exhibit 3). On June 29, 2009, IRS made the section 6672 assessments against the Plaintiff. (Doc 11, exhibit 4). IRS has not responded to the April 23, 2009 appeal. (Complaint ¶ 34).

In the Complaint Plaintiff alleges that she is not a "responsible party" under I.R.C. § 6672 because Aura Electric, Inc. was her son's business and she had no control over it. She also alleges that extreme pressure, false statements, threats, and material omissions from an IRS agent caused her to sign the

Form 2751 involuntarily.  In the complaint she alleges the elements of fraud, duress, undue influence, and prima facie tort and asks the Court for a declaration that the Form 2751 is void. Alternatively, in Count 2 she asks the Court to declare that any agreement to accept personal liability for Aura Electric, Inc.'s taxes created only an unsecured contract right running to IRS (which would be dischargeable) and was not a debt for tax (which under § 523 or 507 would not be dischargeable).  In Count 3, she asks the Court to invoke § 105 to fashion a remedy and order IRS to allow her late appeal.

**DISCUSSION**

Section 505[1] grants to the bankruptcy court the power to determine tax issues.  However, it does not require the court to do so.  11 U.S.C. 505(a)(1)("the court <u>may</u> ..."); <u>In re Swan</u>, 152 B.R. 28, 30 (Bankr. W.D. N.Y. 1991)("As the language of Section 505 indicates, the Court's authority to determine a debtor's tax liability is discretionary.")(Citation omitted.)  "The weight of authority demonstrates that abstention is generally appropriate in no-asset Chapter 7 cases.  This is because no bankruptcy

---

[1] Section 505(a)(1) provides:
(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Case 09-01142-s    Doc 20    Filed 04/01/10    Entered 04/01/10 14:57:46 Page 3 of 9

purpose would be served by a tax determination if no distribution will be made." Cunningham v. Georgia Dept. of Revenue (In re Cunningham), 278 B.R. 290, 292 (Bankr. M.D. Ga. 2002). See also In re Kaufman, 115 B.R. 378, 379 (Bankr. S.D. Fla. 1990); In re Millsaps, 133 B.R. 547, 556 (Bankr. M.D. Fla.), approved, 138 B.R. 87 (M.D. Fla. 1991); In re Hemaya, 153 B.R. 71, 72 (Bankr. D. Kan. 1993); Ontiveros v. Internal Revenue Service (In re Ontiveros), 271 B.R. 646, 647 (Bankr. N.D. Cal. 2001).

For example, in In re Kaufman, the debtor filed a Chapter 7 no-asset case and then filed a complaint to determine tax liability after receiving discharge. Kaufman, 115 B.R. at 379. Noting that the case involved no other parties than the debtor and the IRS, the court abstained "where no bankruptcy purpose is served which would outweigh the importance of uniformity of assessment." Id. (Citation omitted.) The court concluded that the debtor could seek such determination in any other appropriate forum without involving the court in a decision that will serve no bankruptcy purpose. Id. See also Hemaya, 153 B.R. at 71 ("no bankruptcy purpose"); Ontiveros, 271 B.R. at 647 ("no 'bankruptcy reason'").

In Millsaps, the Court reasoned:

> Here the trustee is not seeking a determination of the amount of these taxes in the process of administering the estate. Instead, it is the debtors who are contesting the amount of a non-dischargeable debt. Although Congress extended jurisdiction to the bankruptcy court to determine the debtors' personal tax

Case 09-01142-s    Doc 20    Filed 04/01/10    Entered 04/01/10 14:57:46 Page 4 of 9

liability under section 505(a)(1), the debate in the
House of Representatives leading to the passage of the
section clearly shows that, when there is no need for a
determination of the amount of the tax for estate
administration purposes, Congress did not intend or
foresee that the bankruptcy court would be the forum
for this litigation.

<u>Millsaps</u>, 133 B.R. at 554.

If a tax authority decides not to file a claim for
taxes which would typically occur when there are few,
if any, assets in the estate, normally the tax
authority would also not request the bankruptcy court
to rule on the debtor's personal liability for a
non-dischargeable tax. Under the House amendment, the
tax authority would then have to follow the normal
procedures in order to collect a nondischargeable tax.
For example, in the case of nondischargeable Federal
income taxes, the IRS would be required to issue a
deficiency notice to an individual debtor, and <u>the
debtor could then file a petition in the Tax Court-or a
refund suit in a district court-as the forum in which
to litigate his personal liability for a
non-dischargeable tax.</u>

<u>Id.</u> (<u>citing</u> 124 Cong.Rec. H11095, H11110-11111 (1978).)(Emphasis

in original).

The Tenth Circuit Court of Appeals discussed the policies

underlying Section 505:

Two policies underlie § 505's grant of federal
authority to determine state tax matters. First, § 505
allows the prompt resolution of a debtor's tax
liability, where that liability has not yet been
determined prior to the bankruptcy proceeding, in the
same forum addressing the debtor's overall financial
condition. <u>See</u> <u>City of New York v. Fashion Wear Realty
Co. (In re Fashion Wear Realty Co.)</u>, 14 B.R. 287, 290
(D.C. N.Y. 1981) (§ 2(a)(2A)). Secondly, § 505
protects "creditors from the dissipation of the
estate's assets which could result if the creditors
were bound by a tax judgment which the debtor, due to
his ailing financial condition, did not contest."
<u>Northwest Beverage v. Johnson (In re Northwest</u>

> Beverage, Inc.), 46 B.R. [631] at 635 [(Bankr. D. Ill. 19850]; see also 3 Collier on Bankruptcy § 505.04 (15th ed. 1989).

City Vending of Muskogee, Inc. v. Ok. Tax Com'n, 898 F.2d 122, 124-25 (10th Cir.), cert. denied, 498 U.S. 823 (1990). Neither purpose is served in this case. No prompt determination is necessary to administer the bankruptcy case and success in this adversary proceeding would not generate funds for creditors.

The Debtor argues that this adversary proceeding is essential to her fresh start. The Court regrets that abstention would impact her fresh start. The Court understands that a debtor would like to finalize all financial matters in one forum at one time[2]. However, Debtor should have timely appealed the assessment. Section 505 was not designed to give debtors a second bite at the apple. New Haven Projects Ltd. Liability Co. v. City of New Haven (In re New Haven Projects Ltd. Liability Co.), 225 F.3d 283, 290 (2nd Cir. 2000), cert. denied, 531 U.S.

---

[2]Debtor argues that dischargeability is a core proceeding from which the Court should not abstain. It is true that bankruptcy courts routinely deal with dischargeability issues. However, in this case, dischargeability is not the issue. Section 6672 penalty taxes are nondischargeable under 11 U.S.C. § 523(a)(1)(A). "The law regarding the dischargeability of 100 percent penalty is unambiguous. Since the 100 percent penalty is considered a tax rather than a penalty, the court finds that the Debtors liability to the government for trust fund taxes is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A)." Fernandez v United States (In re Fernandez), 130 B.R. 757, 767 (Bankr. W.D. Mich. 1991). The issue is the amount due, or whether any amount is due. This would more appropriately be heard in another forum.

Case 09-01142-s    Doc 20    Filed 04/01/10    Entered 04/01/10 14:57:46 Page 6 of 9

1150 (2001). See also Shapiro v. United States (In re Shapiro), 188 B.R. 140, 150 (Bankr. E.D. Pa. 1995)("[U]nless the rights of creditors are involved, the interests of justice do not warrant allowing a chapter 7 debtor to ignore his or her ability to timely petition for Tax Court review in favor of bankruptcy court review."); Swan, 152 B.R. at 30 ("What the Debtor is requesting in this case is nothing more than an attempt to gain a second bite of the apple, which would only benefit her and not her creditors; a result never intended under Section 505."); Cain v. United States (In re Cain), 142 B.R. 785, 789 (Bankr. W.D. Tex. 1992):

> The Debtor had his opportunity to contest the taxes through the administrative procedures of the Internal Revenue Service, the United States Tax Court and the United States District Court. ... [U]nless this Court abstains in these circumstances, every taxpayer could ignore Internal Revenue Code requirements for disputing tax liability, and then after the fact attempt to obtain a judicial determination in bankruptcy court. This result should not be tolerated.

and Millsaps, 133 B.R. at 555:

> Although it is true that an exercise of this jurisdiction would benefit the debtors and further the "fresh start" policy of the Bankruptcy Code, that interest would only be served at the expense of the orderly enforcement of the internal revenue laws. Unless this court abstains in these unusual circumstances, every taxpayer would know that he or she could ignore all of the tax protest and determination procedures and opportunities provided by the Internal Revenue Code and regulations, allow all time periods they provide to expire, watch the Service finally determine a tax, and then years later come into this court and obtain the judicial determination the

Page -7-

>     taxpayer chose not to seek before. The interest of
>     justice cannot be furthered by that result.

Debtor also argues that there would be financial hardship if the Court abstained because she would have to pay the tax before challenging it. This is not completely true. Section 6672 penalty taxes are "divisible" so full payment is not a jurisdictional prerequisite to challenging them. <u>Davis v. United States</u>, 961 F.2d 867, 870 and n. 2 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1050 (1993)("Upon receiving his section 6672 penalty assessment, Davis paid $100 of the $69,791 penalty and filed a refund suit in federal district court. The government counterclaimed for the remainder of the penalty plus interest and fees." )(Footnote omitted.)(Citing <u>Flora v. United States</u>, 362 U.S. 145, 171 n. 37, 175 n. 38 (1960) and C. Wright, A. Miller, E. Cooper, <u>Federal Practice and Procedure: Jurisdiction and Related Matters</u> § 3656 (2d ed. 1985)).

## **CONCLUSION**

    This adversary proceeding provides no bankruptcy benefit. The bankruptcy case has been administered and closed. No unsecured creditors can or will benefit from retention of this adversary proceeding. The Court will abstain and dismiss this adversary proceeding.

                                        Honorable James S. Starzynski
                                        United States Bankruptcy Judge

Date Entered on Docket:  April 1, 2010

Copies to:

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109

Jon E Fisher
US Dept of Justice, Tax Division
717 N Harwood Ste 400
Dallas, TX 75201-6506